**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | ) | |
| **v.** | ) | **No. 11-20034-CM** |
| **MARTIN GASTELUM IBARRA,** **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Defendant Martin Gastelum Ibarra is charged with (1) possession with intent to distribute more than 500 grams of methamphetamine and (2) being an alien unlawfully in the United States after having been deported. The court recently denied defendant's motion to suppress. The court held that the initial traffic stop of the vehicle in which defendant was a passenger violated defendant's Fourth Amendment rights, but that the evidence found in the vehicle was not the fruit of defendant's illegal detention. The matter is before the court on defendant's Motion to Reconsider (Doc. 32) and the government's Motion to Reconsider Credibility Findings (Doc. 36). Both parties have asked the court to reconsider its ruling on different bases.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts generally recognize three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent

manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."); *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1243 (D. Kan. 1999) ("This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505. A motion to reconsider is not a proper place to reargue arguments that the court previously rejected. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Nor is it an opportunity to offer evidence that was available to the movant prior to the court's decision; rather, the evidence must be new. *See generally Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (holding that to present additional evidence with a motion to consider, the movant must either show that the evidence was newly-discovered or that counsel had made a diligent but unsuccessful attempt to discover the evidence).

**Government's Motion to Reconsider**

In its motion, the government requests that the court reconsider its statements about the credibility of Trooper Ranieri's testimony. The government first explains the implications of the court's findings on both the government and Trooper Ranieri. The government then suggests that the court's credibility findings were caused in part by the government's failure to provide sufficient foundational information, which led to the court's misconception that Trooper Ranieri employed a

standard and tactic that are not regularly employed by other law enforcement officers. In support of this position, the government offers mathematical analysis demonstrating that, in fact, the two-second rule is more lenient than the one-car-length-for every-ten-miles-per-hour rule. And the government offers evidence showing that other troopers have used both the car-length standard, as well as the tactic of pulling up next to a car before pulling it over.

A motion to reconsider is not the place for the government to present evidence that was available before the court held a hearing on the motion to suppress. The court appreciates the government's position in its reply to its motion that it has not presented new evidence; instead, it has presented additional legal authority. In one sense this is true—the government has presented case law and transcripts in support of Trooper Ranieri's credibility. But those documents are also presented in the nature of evidence. In any event, the distinction is immaterial here. Either way, the material could have been presented earlier. While the government may not have been aware that the court would question the trooper's credibility, certainly the government knew that Trooper Ranieri's use of the one-car-length-for every-ten-miles-per-hour rule was at issue. And anytime a witness testifies, the government should be aware that his or her credibility is being evaluated.

All that said, if presented earlier, the evidence/legal authority ultimately would not have changed the court's credibility findings. The evidence simply would not have outweighed the other findings the court made based on its observations and evaluation of testimony. The court is experienced in observing and evaluating the credibility of witness testimony, and is regularly charged with making such determinations. The court watched Trooper Ranieri testify and evaluated his demeanor, non-verbal behavior, mannerisms, tone, and inflection. All of these observations combined with the content of the testimony to form an impression with the court. The court sincerely regrets any unfavorable lasting impact this impression may have. But the court does not

believe that it would be just to change its evaluation based on the impact the finding may have on the government or Trooper Ranieri in future prosecutions. Likewise, the arguments and mathematical computations that the government offers now could have been made in the initial briefing. While the court appreciates the logic and the government's attempt to correct any misperception by the court, the court's decision on Trooper Ranieri's credibility remains unchanged—and would remain unchanged even if the mathematical computations had been presented earlier.

In its motion, the government only requests that the court reconsider its credibility findings. The government expressly disavows that it is seeking reconsideration of any of the court's ultimate rulings. Yet in response to defendant's motion to reconsider, the government asks the court to alternatively find the traffic stop justified if the court determines that it incorrectly applied the derivative evidence doctrine.

Based on the court's decision not to reconsider its credibility findings, the court's decision remains that the traffic stop was illegal. The government's motion is denied.

**Defendant's Motion to Reconsider**

Defendant asks the court to reconsider its order on three grounds: (1) Suppression is required despite the Tenth Circuit's holdings in *Nava-Ramirez*[1] and *DeLuca*[2]; (2) Defendant had a reasonable expectation of privacy in the vehicle and had standing to challenge the search of the car and cooler; and (3) *Nava-Ramirez* and *DeLuca* should be overruled.

Before the court issued its Memorandum and Order on this issue, the court considered at length whether it was bound to follow the reasoning in *Nava-Ramirez* and *DeLuca*, or whether the

---

[1] *United States v. Nava-Ramirez*, 210 F.3d 1128 (10th Cir. 2000).

[2] *United States v. DeLuca*, 269 F.3d 1128 (10th Cir. 2001).

cases were distinguishable on their facts. At that time, the court believed that the language and reasoning in *Nava-Ramirez* and *DeLuca* were strong and broad enough to encompass the factual situation now before the court. Upon further reflection, research, and analysis, the court now determines that it should reconsider its previous ruling based on the need to correct clear error or prevent manifest injustice.

The court is now persuaded that use of the *Nava-Ramirez* and *DeLuca* framework should be limited to cases involving initially legal traffic stops. The court has already ruled that the traffic stop in this case was invalid. The Third Circuit has argued persuasively that the legality of the initial traffic stop matters a great deal. *See United States v. Mosley*, 454 F.3d 249, 255 (3d Cir. 2006) ("*DeLuca* is inapposite here. The hypothetical, and the holding, are relevant only to situations in which the initial traffic stop is legal, and that is not our case."). The *Mosley* court made this distinction:

> If the initial traffic stop is illegal, then even if the passenger is allowed to leave the scene before the search, it will not be the case that the police have not violated his Fourth Amendment rights. Where the traffic stop itself is illegal, it is simply impossible for the police to obtain the challenged evidence without violating the passenger's Fourth Amendment rights. *DeLuca* says nothing about such situations.

*Id.* at 256. *Mosley* also pointed out that the Tenth Circuit case *United States v. Roberts* focused on the sequence of events:

> [*Wong Sun*] and its progeny, *see, e.g., United States v. Melendez-Garcia*, 28 F.3d 1046, 1053–54 (10th Cir. 1994), are readily distinguishable insofar as in those cases the illegal police conduct preceded the means by which the evidence was obtained, thus establishing the requisite factual nexus between the evidence and the illegal conduct. By contrast, any unlawful police activity here occurred after voluntary consent had been obtained. Consequently, [the defendant] could not establish that, but for the alleged illegal seizure, the evidence would not have come to light as required by *DeLuca*.

*Id.* (quoting *United States v. Roberts*, 91 F. App'x 645, 648 (10th Cir. 2004)). While the court

initially noted that *Roberts* is unpublished and found its language insufficient to overcome *Nava-Ramirez* and *DeLuca*, the court does find some persuasive value in *Roberts*.

Ultimately, this court agrees with the rationale of the Third Circuit, and determines that *DeLuca* is inapposite if the initial traffic stop was invalid. Defendant had standing to challenge the initial stop. Because that stop violated his Fourth Amendment rights, the fruit of the poisonous tree doctrine applies, and evidence obtained as a result of that stop must be suppressed—both for the driver and for any passengers in the car. The court grants defendant's motion to reconsider on this basis.

Because defendant prevails on this argument, the court need not address defendant's other arguments. The court will leave it to the Tenth Circuit—should this case go up on appeal—to decide whether it is appropriate to overrule *Nava-Ramirez* and *DeLuca*.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider (Doc. 32) is granted.

**IT IS FURTHER ORDERED** that the government's Motion to Reconsider Credibility Findings (Doc. 36) is denied.

Dated this 15th day of February 2012, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**